IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY PACK and THOMAS WATTS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:10-590 |
| ) | Judge Trauger |
| DICKSON COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Pending before the court is the defendants' Motion to Dismiss (Docket No. 26), to which the plaintiffs have responded (Docket No. 73). For the reasons discussed herein, the defendants' motion will be denied.

On June 14, 2010, the plaintiffs, Jeffrey Pack and Thomas Watts, proceeding *pro se*, filed this case against Dickson County, Tennessee, Sheriff Tom Wall, Captain Donnie Young, Lieutenant Rhonda Felts, and Chaplain Jethro Smith (all sued in their individual and official capacities), alleging that the plaintiffs had been denied access to church services while inmates at the Dickson County Jail. (Docket No. 1.) In July 2010, a series of executed summonses were filed by the U.S. Marshals Service. (Docket Nos. 18-24.) On January 11, 2011, the defendants filed the pending motion to dismiss, claiming that they had "yet to be properly served pursuant to the Federal Rules of Civil Procedure in this matter." (Docket No. 27 at 1.)

On March 22, 2011, after the plaintiffs moved to be appointed counsel and the court granted that motion, the court appointed the plaintiffs' current counsel and ordered that the

1

plaintiffs, through counsel, respond to the pending Motion to Dismiss by April 11, 2011. (Docket No. 55.) Shortly before filing that response, the plaintiffs filed another series of executed summonses. These materials indicate that, on March 31, 2011, summonses were served on the County and the defendants in their official capacities by serving Dickson County Mayor Bob Rail. (Docket Nos. 62-66.) Additionally, they indicate that summonses were personally served on the individual defendants on April 5, 2011. (Docket Nos. 69-72.)

## **ANALYSIS**

The briefing here is not complicated. Seven months after this case was filed, the defendants filed a Motion to Dismiss, claiming that service of process, while attempted by the *pro se* plaintiffs, was not sufficient on either the County and the defendants in their official capacities or the defendants in their individual capacities and that, therefore, this case should be dismissed "for insufficiency of service of process." (Docket No. 27 at 1; *see* Fed. R. Civ. P. 12(b)(5)).

As to service on the County and the individual defendants in their official capacities[1], the defendants note that Fed. R. Civ. P. 4(j)(2) requires that a "state or local government" be served by delivering a copy of the summons and complaint to the entity's "chief executive officer" or through service in accordance with state law. (Docket No. 27 at 2.) Here, the defendants maintain, the *pro se* plaintiffs attempted service on the County (and the official capacity defendants) via certified mail, and the package was signed for by the executive's (or mayor's)

---

[1]In an official capacity suit, the relevant government entity is the "true defendant." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003).

assistant, which, they argue, is insufficient.  (*Id.* at 3.)  As to the defendants in their individual capacities, the defendants claim that, again, the service by certified mail was insufficient under Rule 4, because, in each case, an individual other the defendant signed for the certified mail package. (*Id.* at 4.)

In response, the plaintiffs argue that, while the "certified mail receipts" generated as the result of the initial summonses issued in July 2010 "were signed by individuals other than" the defendants, service has now been effectively and properly carried out, rendering dismissal inappropriate.  (Docket No. 73 at 1-2.)  Specifically, on March 31, 2011 the Chief Executive Officer of Dickson County, Mayor Bob Rail, was served with the summons and Complaint against Dickson County and the defendants in their official capacities, and, on April 5, 2011, the defendants in their individual capacities were each personally served with a summons and a copy of the Complaint.  (*Id.* at 3.)  In light of the fact that any service deficiencies have been remedied, the plaintiffs argue, the defendants' motion should be denied.  (*Id.* at 1-2.)

Federal Rule of Civil Procedure 4(m) states that, "if a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P 4(m).  Additionally, where an initial service attempt is unsuccessful or insufficient, "the correct course is not to dismiss but to retain the case for proper service later."  *Walker v. Brooke Corp*., 2009 WL 1689653, *3 (E.D. Mich. June 17, 2009)(citing *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1952)).

3

Here, all indications from the record are that the plaintiffs, now represented by counsel, have cured any service of process deficiency undoubtedly caused by the fact that the plaintiffs were initially proceeding *pro se*. In light of the legal standard discussed above, any previous failures to timely or properly serve the defendants here should not preclude this case from going forward. The defendants' Motion to Dismiss (Docket No. 26) is **DENIED**, and the defendants are **ORDERED** to file their Answers in this case within 20 days of the date of this Order.

It is so ordered.

Enter this 19th day of April 2011.

ALETA A. TRAUGER
United States District Judge