IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY A. PACK and THOMAS WATTS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:10-cv-00590 |
| ) | Judge Trauger |
| DICKSON COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the court is the defendants' Motion to Dismiss (Docket No. 85). For the reasons discussed below, the defendants' motion will be granted.

At the time they filed this suit, plaintiffs Jeffrey Pack and Thomas Watts were inmates at the Dickson County Jail (the "Jail") in Charlotte, Tennessee. The plaintiffs filed a *pro se* complaint against defendants Dickson County, Sheriff Tom Wall, Jail Administrator Donnie Young, Jail Lieutenant Rondia Felts, and Jail Chaplain Jethro B. Smith, alleging that the Jail refused to hold church services for the inmates. (Docket No. 1 at 5.) The plaintiffs alleged that this constituted a violation of 42 U.S.C. § 1983. The defendants have since been released from the Jail. (Docket No. 88 ¶¶ 2-3 (declaration of Donnie Young).)

The defendants have filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), and the plaintiffs have not filed a response.[1] The court will not grant the

---

[1] Previously, the court granted the plaintiffs' request for appointment of counsel (Docket No. 48) and appointed three attorneys from the firm Bass, Berry & Sims PLC to represent both plaintiffs (Docket No. 55). On July 22, 2011, however, the court granted those attorneys'

1

defendants' motion simply because it is unopposed, however; instead, the court must examine the merits of the defendants' arguments. *Lee v. EquiFirst Corp.*, No. 3:10-cv-809, 2010 U.S. Dist. LEXIS 114396, at *13 (M.D. Tenn. Oct. 26, 2010) (citing *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)).

In their brief, the defendants assert that the plaintiffs' Complaint seeks only injunctive relief. (Docket No. 86 at 1.) Accordingly, the defendants argue, the plaintiffs' claims should be dismissed as moot, because the plaintiffs are no longer incarcerated. (*Id.* at 2 (citing *Cardinal v. Metrish*, 564 F.3d 794, 798-99 (6th Cir. 2009) (holding that an inmate's request for declaratory and injunctive relief against a prison's warden was moot after the inmate was transferred to a different facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent [the plaintiff inmate] seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail.").)

This is correct. Therefore, the defendants' Motion to Dismiss (Docket No. 85) is **GRANTED**, and this case is **DISMISSED** in its entirety. Entry of this Order shall constitute the judgment in this case.

It is so Ordered.

---

Motion to Withdraw as Counsel for plaintiff Watts, on the grounds that Watts had been released from the Jail and that the attorneys' attempts to contact him had been unsuccessful. (Docket No. 84; Docket No. 89.) That same day, the defendants filed their Motion to Dismiss.

The attorneys' Motion to Withdraw did not mention any difficulties contacting plaintiff Pack, and they did not seek to withdraw as his counsel. The docket reflects that the attorneys still represent Pack. Even so, neither Pack nor Watts has responded to the defendants' Motion to Dismiss.

Entered this 15th day of August 2011.

                                                          _____
                                                          ALETA A. TRAUGER
                                                          United States District Judge